# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENDALE L. WISE, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:12-1360 |
| v. | : | (JUDGE MANNION) |
| GERALD L. ROZUM, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Kendale L. Wise, an inmate confined in the State Correctional Institution, Somerset, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. (Doc. No. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will grant Respondents' motion to dismiss the petition as untimely, see 28 U.S.C. §2244(d), and deny Petitioner's motion for a stay and abeyance.

**I.    Background**

Following a jury trial on September 12, 2001, Petitioner was found guilty in the Court of Common Pleas of Dauphin County, of Criminal Attempted Homicide and related charges. (See Doc. No. 1, Ex. A-1, Docket Sheet for Case No. CP-22-CR-0001114-2001).

On November 29, 2001, Wise was sentenced to a nine (9) to eighteen (18) year term of imprisonment. Id.

1

On June 6, 2002, Petitioner filed a notice of appeal to the Pennsylvania Superior Court. Id.

On March 26, 2003, the Superior Court affirmed Petitioner's judgment of sentence. (Doc. No. 37, Ex. B, Docket Sheet for Case No. 976 MDA 2002).

On April 25, 2003, Wise filed for allowance of appeal to the Pennsylvania Supreme Court, which was denied on August 6, 2003. Id. at 3.

On February 6, 2004, Petitioner filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§9541 *et seq*. (Doc. No. 37, Ex. A, Docket Sheet for Case No. CP-22-CR-0001114-2001 at 5).

On October 27, 2004, the PCRA court dismissed Wise's PCRA petition. Id. at 7.

On November 18, 2004, Petitioner filed an appeal to the Pennsylvania Superior Court. Id. at 8.

On December 13, 2005, the Pennsylvania Superior Court affirmed the denial of Wise's PCRA petition. (Doc. No. 37, Ex. C, Docket Sheet for Case No. 1921 MDA 2004). Wise did not file a petition for allowance of appeal.

On July 13, 2012, Petitioner filed the instant petition for writ of habeas corpus in which he claims that he is "deceitfully being placed in state custody without due process of a formal entry of the written judgment of sentence." (Doc. No. 1, petition). After being granted an opportunity to file a partial answer to the petition, (Doc. No. 12), and an enlargement of time within which to do

2

so, (Doc. No. 16), Respondents filed a response to the petition on October 1, 2012, (Doc. No. 17), and on October 2, 2012, filed a brief in support of their partial answer, arguing that the petition should be dismissed as untimely. (Doc. No. 18).

On October 26, 2012, in response to Respondents' partial answer, Petitioner filed a motion for leave to amend his petition. (Doc. No. 23). By Order dated October 31, 2012, Petitioner's motion to amend was granted (Doc. No. 24), and on December 21, 2012, Petitioner filed an amended petition for writ of habeas corpus. (Doc. No. 31). In his amended petition, Wise no longer posits that he is being illegally detained due to lack of a proper sentencing order, but rather raises claims of ineffective assistance of trial, appellate and PCRA counsel. Id. Petitioner believes he is entitled to pursue these claims pursuant to the United States Supreme Court's recent decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012). Id.

By Order dated May 21, 2013, this Court directed Respondents to file a response to the amended petition. (Doc. No. 34). On June 6, 2013, Respondents filed a motion to dismiss the amended petition as untimely. (Doc. No. 37). In response, Petitioner filed a "Modified Application for Writ of Habeas Corpus," (Doc. No. 40), and a Motion for Stay and Abeyance, (Doc. No. 42), requesting this Court stay the instant proceedings, while he awaits the receipt of photos requested from the Dauphin County Clerk of Court, which he believes will provide him with support for his "Brady Violation" and "a ground

3

for appeal cognizable under Pennsylvania Statutes (Governmental Interference, Newly Discovered Evidence & Miscarriage of Justice)". Id.

## II. Discussion

### A. Petition is Statutorily Time-Barred.

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254 (2006). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court may only entertain a claim raised under §2254 that is filed within the one-year statute of limitations. 28 U.S.C. §2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). The one-year period, as relevant here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in a discretionary appeal to the state or United States Supreme Court.[1] 28 U.S.C. §2244(d)(1)(A); Capreol v.

---

[1] For prisoners whose convictions became final prior to the April 24, 1996,

4

[United States, 166 F.3d 565, 575, 577 (3d Cir. 1999)](...).

The statute of limitations is calculated with respect to each claim raised in the habeas petition.[2] [Fielder, 379 F.3d at 121-22](...). The statute of limitations

---

effective date of the statute of limitations, the one-year period starting on the date on which judgment became final extended through April 23, 1997. [Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)](...).

Section 2244(d)(1) provides three additional time triggers and directs a court to calculate the one-year period from the latest of the four periods. See [28 U.S.C. §2244(d)(1)(B)](...) (applicable where a state impeded the petitioner's petition), (C) (applicable where the Supreme Court has recognized a new, retroactive right), (D) (applicable where through due diligence, the petitioner could have discovered the factual predicate of his claim). But the triggers are considered seriatim, and the court will only consider the next trigger if the prior trigger is not applicable; §2244 (d)(1)(A) is the default trigger applicable in most cases. [Fielder v. Varner, 379 F.3d 113, 116 (3d Cir. 2004)](...), cert. denied, [543 U.S. 1067 (2005)](...); see Caldwell v. Wilson, No. Civ. 04-1683, slip op. at *3 (W.D. Pa. Oct. 28, 2005) ("Although a habeas respondent has the burden of affirmatively pleading [§2254's] statute of limitations, it is appropriate, where the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him to show why the date his conviction became final or the date the grace period started to run should not be used to calculate the running of the statute of limitations.") (internal citations and footnote omitted); [Land v. Carroll, 402 F.Supp.2d 514, 517 (D.Del. 2005)](...) ("[The petitioner] does not allege, nor can the court discern, any facts triggering the application of §§2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under §2244(d)(1)(A).").

[2]

Section 2244(d)(1) provides that the statute of limitations "shall apply to an application for writ of habeas corpus." There is debate whether this requires a court to calculate the statute of limitations with respect to the petition as a whole or each claim within the petition. Cf. [Walker v. Crosby, 341 F.3d 1240, 1243 (11th Cir. 2003)](...) ("The statute provides a single statute of limitations, with a single filing date, to be applied to the application as a whole") with [Fielder,

5

is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3] Id. §2244(d)(1)(2); Wilson, 426 F.3d at 659; Merritt, 326 F.3d at 161-62. It is also equitably tolled where something "extraordinary" prevented the petitioner from raising his rights and the petitioner diligently pursued his rights, but equitable tolling should be used "sparingly."[4] Pace, 544 U.S. 408, 125 S.Ct. at

---

379 F.3d at 121-22; see Khan v. United States, 414 F.Supp.2d 210 (E.D.N.Y. 2006) (collecting cases and discussing split). In obiter dictum, the Supreme Court has indicated a different approach: §2244(d)(1) "provides one means of calculating the limitation with regard to the 'application' as a whole, §2244(d)(1)(A) . . . , but three others that require claim-by-claim consideration." Pace v. DeGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1813 n.6 (2005). The court notes the importance of the Supreme Court's dictum, see IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 311 (3d Cir. 2006) ("[W]e pay due homage to the Supreme Court's well-considered dicta as pharoi that guide our rulings."), but applies the Third Circuit's precedent because it remains binding on this court.

[3]

"'[A]n application is '_properly_ filed' when its delivery and acceptance'" comply with state procedural rules. Merritt v. Blaine, 326 F.3d 157, 162 (3d Cir. 2003), cert. denied, 540 U.S. 921 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)) (emphasis in original). Any decision by a state court finding an appeal or petition to be untimely is dispositive of the issue for the district court. Id. at 165-66.

[4]

The Third Circuit has identified three circumstances in which equitable tolling is warranted: the respondent "actively misled" the petitioner; the petitioner was in some extraordinary manner prevented from asserting his rights; or, the petitioner mistakenly, but timely, asserted his rights in an incorrect forum. Fahd v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

1814; Branson v. Vaughan, 398 F.3d 225, 230 (3d Cir. 2005), cert. denied, 126 S.Ct. 473 (2005); Merritt, 326 F.3d at 168.

On August 6, 2003, the Pennsylvania Supreme Court denied Wise's petition for allocator and, because he did not file a petition for certiorari in the United States Supreme Court, his judgement became final at the expiration of the ninety-day period to file the petition for certiorari. See Morris vs. Horn, 187 F.3d 333, 337 and n.1(3d Cir. 1999). Thus, his judgment of sentence was final on or about November 4, 2003 and the clock for filing a federal habeas petition began running. Wise had until November 4, 2004, to file a timely habeas corpus petition.

Pursuant to 28 U.S.C. §2244(d)(2), when Wise filed his timely PCRA petition on February 6, 2004, the AEDPA's filing period was statutorily tolled with approximately 271 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until December 13, 2005, when the Superior Court affirmed the denial of that petition. Because Wise did not seek relief from the Pennsylvania Supreme Court, his judgment of sentence became final on January 12, 2006, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence, and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. See 28 U.S.C. §2244(d)(1)(A); Pa. R. App. P. 1113; 42 Pa.C.S.A. §9545(b)(3). Accordingly, the remaining 271 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus

7

began on January 13, 2006 and expired on October 10, 2006. The instant petition was not filed until July 13, 2012, almost six years after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations.

### B. Statutory or Equitable Tolling

Because the AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling, the Court must examine whether the instant petition may be considered timely filed under either concept. 28 U.S.C. §2244(d)(enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

### 1. Statutory Tolling.

Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. §2244(d)(1). First, Petitioner does not allege nor is there evidence to demonstrate that state action prevented the timely filing of his habeas action. 28 U.S.C. §2244(d)(1)(B). Second, the claims alleged in the Petition do not rely on a new rule of federal constitutional law of retroactive application. 28 U.S.C. §2244(d) (1)(C). Finally, Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago. 28 U.S.C. §2244(d)(1)(D).

8

Petitioner asserts that Martinez v. Ryan, 132 S.Ct. 1309 (2012) entitles him to a finding of timeliness. Following Martinez, an error by a prisoner's post-conviction counsel during his initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness claim if: (1) state law required the prisoner to wait until post-conviction review to raise Strickland claims; (2) the prisoner's underlying Strickland claim is "substantial;" and (3) the prisoner can establish that his post-conviction counsel was ineffective under the Strickland standard. See Martinez, 132 S.Ct. at 1315, 1318–1319. For several reasons, Martinez does not render the instant petition, or any of its claims, timely for Section 2244(d)(1)(C) purposes. See Fielder v. Varner, 379 F.3d 113, 122 (3d Cir.2004)(timeliness of federal habeas petition is determined on a claim-by-claim basis, such that timeliness of one claim cannot render others timely merely by association).

Initially, the Court notes that Martinez did not announce a new federal constitutional rule of law and does not discuss retroactivity. Id. at 1315 (expressly declining to decide constitutional questions). See also Adams v. Thaler, 679 F.3d 312 (5th Cir. Apr. 25, 2012)(rejecting similar new rule contention: "Martinez does not provide a basis for authorization under §2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law.' ") (citing Martinez, 132 S.Ct. at 1319).

9

Second, as noted by Respondents, Martinez does not recognize a new time-bar excuse, but only a limited and equitable excuse for procedural default. See Vogt v. Coleman, 2012 WL 2930871 (W.D. Pa.)("Martinez did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition"); Gale v. Wetzel, 2012 WL 5467540 at *9-10 (M.D.Pa.); and Darrington v. PA Dept. of Corrections, 2012 WL 7150493 at *4 (M.D.Pa.)(both holding that Martinez is not an exception to the one year time limit of the AEDPA). As such, Martinez does not render Petitioner's habeas petition timely pursuant to 28 U.S.C. §2244(d)(1)(C) (claims alleged in Petition do not rely on new rule of federal constitutional law of retroactive application) or 28 U.S.C. §2244(d)(1)(D) (Petitioner has not shown that factual predicate of claims was not discoverable through exercise of due diligence long ago). Because Martinez did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1(C) cannot apply to render the petition timely filed.

With respect to Petitioner's PCRA filing, as noted above, the limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. See 28 U.S.C. §2244(d)(2). However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the AEDPA one-year statutory time period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's PCRA petition, filed on February 6, 2004, was timely filed within the one year statutory period, and statutorily tolled the clock with approximately 271 days remaining before expiration. However, because Wise did not seek relief from the Pennsylvania Supreme Court, his judgment of sentence became final on January 12, 2006, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence, and the remaining 271 days of the one-year statutory period resumed. The present petition was filed on July 13, 2012, almost six years after the period of limitation expired. As such, it is statutorily time-barred.

### 2. **Equitable Tolling**.

We must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir.2002), cert. denied, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir.1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir.2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

To be entitled to equitable tolling, [Petitioner] must show " '(1) that he

11

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, (2007) (quoting id.). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.1999). In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998).

To the extent that Petitioner believes that he is entitled to equitable tolling under Martinez v. Ryan, 132 S.Ct. 1309 (2012), the Supreme Court does not state in Martinez that a blanket allegation of the ineffectiveness of PCRA counsel can constitute a basis for equitable tolling of the habeas statute of limitations. The Martinez decision did not allow for equitable tolling of the AEDPA deadlines. See Capers v. Walsh, 2012 WL 5389513, at *4 (E.D. Pa. Oct. 5, 2012)(citing Martinez, 132 S.Ct. at 132 S.Ct. at 1315 (limiting decision to issue of whether there was cause for prisoner's procedural default on collateral review); Kingsberry v. Maryland, 2012 WL 2031991, at *1 (D.Md. June 4, 2012) ("Martinez did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here."); and Peeples v. Citta, 2012 WL 1344819, at *6 n. 10 (D.N.J. Apr.16, 2012) (Martinez does not provide a basis for equitable tolling). See also Vogt v. Coleman, 2012 WL

12

2930871, at \*4 (W.D. Pa. July 18, 2012) (collecting cases) and Stromberg v. Varano, 2012 WL 2849266, at \*5 n. 37 (E.D. Pa. July 11, 2012)( "Martinez is not controlling in this case because the Court denied the petition as time-barred, not procedurally defaulted. Furthermore, the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome [the one-year] statute of limitations or to prove the merits of his case"). Martinez does not excuse Petitioner's failure to seek federal review of his claims in a timely fashion.

Petitioner does not identify any other possible basis for equitable tolling. None of the circumstances which warrant equitable tolling apply in this case to render the instant Petition timely because Petitioner did not act promptly to preserve his rights in this Court. Fahd, 240 F.3d at 244. Thus, he has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims. Merritt, 326 F.3d at 168.

In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04–386, 2004 WL 2252115, at \*2 (E.D.Pa. Oct.5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir.2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because

lengthy periods of time had elapsed following his conviction before he sought relief). It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id. Under the circumstances of this case, Wise fails to allege any steps that he took to timely file the instant federal habeas petition and was somehow prevented from timely filing. As such, Petitioner did not act in a reasonably diligent fashion. Accordingly, the Petition is time-barred.

### C. **Stay and Abeyance.**

On September 6, 2013, Petitioner filed a motion for stay and abeyance, seeking a stay of the instant petition, (Doc. No. 42), based on the reasoning set forth in his July 18, 2013 "Modified Application for Writ of Habeas Corpus" (Doc. No. 40). Petitioner states that "in the aforementioned petition, the applicant raised, inter alia, a 'Brady Violation' alleging that the attorney for the Commonwealth withheld photographic exhibits from the applicant's counsel prior to trial" and that "the Clerk of Courts of Dauphin County aided in the 'Brady Violation' by not entering the existence or location of the photographs into the trial court docket after the photograph's were used as exhibits." (Doc. No. 42, Motion for Stay and Abeyance). Petitioner further states that he contacted the Clerk of Court and requested an estimate of the costs to have copies furnished, and that "upon reception of the copies, the petition will have a ground for appeal cognizable under Pennsylvania Statutes, (Governmental Interference, Newly Discovered Evidence & Miscarriage of Justice)." Id. As

such, Petitioner requests this Court "cease all action under the current docket and allow the exhausting of all state remedies by the applicant." Id.

Pursuant to the Post Conviction Relief Act, any PCRA petition, including second or subsequent petitions, must be filed within one year of the date petitioner's judgment of sentence became final, unless an exception to the time limitation is pled and proved. 42 Pa.C.S. §9545(b) (1). To meet the narrow exceptions to the time-bar, petitioner must demonstrate to the state court one of the following: governmental interference, newly discovered evidence, or a newly recognized, retroactive constitutional right. Id.

In his modified petition, Wise argues that he meets the governmental interference exception to the post-conviction time bar. In support, Petitioner claims that "on four occasions [he] has attempted to obtain copies of the photographic exhibits entered into the trial court record", and that the Clerk of Court, a government official, failed to respond to his requests. (Doc. No. 40).

Whether Petitioner succeeds on his governmental interference exception to the time-bar is a matter for the state court to decide. However, the state court's eventual ruling on this does not affect our review of Petitioner's motion for stay.

The stay and abeyance procedure holds a federal habeas petition pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005). While granting a stay and abeyance is an available procedure, it is not a preferred course of action. Id. Because a "stay and

abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. However, the Supreme Court also did not limit the authority to grant a stay to specific scenarios; rather, the district court must determine whether the petitioner "satisfied the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir.2009).

The Court does not believe a stay of the instant habeas petition is warranted here because the petition is untimely. In discussing the circumstances in which a stay is appropriate, both the Supreme Court and the Third Circuit have noted the timeliness of the habeas petition. See Rhines, 544 U.S. at 275; Crews v. Horn, 360 F.3d 146, 150 (2004). Moreover, motions for stay have been denied where the habeas petition ultimately was found to be untimely. Postley v. Rozum, 2009 WL 5217074, at *5 (E.D.Pa. Dec.30, 2009), Jones v. Piazza, 2007 WL 789597, *4 (E.D.Pa. Mar.13, 2007), Frazier v. Stickman, 389 F.Supp 2d 623, 627 (E.D.Pa. Aug.19, 2005) (refusing to grant a stay where the AEDPA limitations period expired before the pending PCRA petition was filed). Based on the foregoing, a stay-and-abeyance is inappropriate in the instant case. While a stay of the habeas petition is not

16

warranted, Petitioner would not be precluded from filing a subsequent habeas petition should some equitable tolling exception actually existed to overcome the AEDPA statute of limitations.

### D. Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

### E. Conclusion

In light of the foregoing, Respondents' motion to dismiss the petition as untimely will be **GRANTED**. Petitioner's motion for stay and abeyance will be **DENIED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: October 28, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1360-01.wpd